**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calyxt Incorporated, | No. CV-20-01221-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Nigh, | |
| Defendant. | |

Pending before the Court is Defendant Jeffrey Nigh's motion for summary judgment, which is fully briefed. (Docs. 165, 170, 180.) For the following reasons, the Court denies the motion.

**I. Background**

Back in fall 2019, Defendant Amigo Farms[1] hired Mr. Nigh to advise it on applying herbicides to its fields growing leaf lettuce. (Docs. 140-2 at 5; 140-3 at 5.) In an adjacent field, Plaintiff Calyxt, Inc. was growing a crop of sensitive, proprietary, gene-edited, high-fiber wheat ("HFW"). Mr. Nigh recorded no observations of the HFW as part of his inspections, and the parties disagree over whether the inspection was adequate. (Docs. 140-2; 140-3.)

Mr. Nigh recommended the application of Select Max® Herbicide with Inside Technology™ ("Select Max") to kill grass growing there. (Doc 170-2 at 4.) Depending

---

[1] Defendant Amigo Farms is not party to this motion for summary judgment.

on conditions, the Select Max label allows for either ground or aerial application, although it warns that aerial application carries a higher risk of drift and that ground application is the primary way to mitigate or eliminate drift. (*Id.* at 15-16.) Mr. Nigh recommended a ground application for the first application and an aerial application for the second application. (*Id.* at 7-8.) Mr. Nigh contends he did so because of the wetness of the grass, and Calyxt argues that Mr. Nigh's recommendation could not have been based on the condition of the grass and was instead arbitrary.

As part of the recommendation, Mr. Nigh also filled out Form 1080, a required form under Arizona law. In that form, he advised the proportion of additives to mitigate any risks occasioned in the application of Select Max. The parties agree that Mr. Nigh deviated from the label, but they disagree on whether the deviation was to ameliorate any potential phytotoxicity and whether such deviation was reasonable. Form 1080 also required Mr. Nigh to provide [l]abel instructions or special instructions" and to fill out a chart indicating the crops grown in fields surrounding the field subject to the herbicide application. Ariz. Admin. Code § R3-3-302(22). The parties dispute whether Mr. Nigh reasonably completed these sections.

The aerial application occurred in November 2019, and Calxyt learned that the application had damaged its crops in January 2020. (Doc. 92 at 15.) The parties do not dispute this.

Calxyt brings five claims against Mr. Nigh: strict liability (Count I), negligent trespass (Count II), negligence per se (Count III), private nuisance (Count IV), and violation of A.R.S. § 3-367 (Count VI). (*Id.* at 17-23.)

**II. Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

**III. Discussion**

Mr. Nigh argues the undisputed facts show he did not act negligently. The Court disagrees. For starters, the parties present dueling opinions about the applicable standard of care for Counts II-IV and VI (Doc. 180 at 2-3), which is a factual question appropriate for resolution by the trier of fact, not on summary judgment. *Sw. Auto Painting & Body Repair, Inc. v. Binsfeld*, 904 P.2d 1268, 1272 (Ariz. Ct. App. 1995). Without this standard of care, the Court cannot determine as a matter of law whether Mr. Nigh was negligent as it pertains to the reasonableness of the decision to use aerial application or of the nearby field inspection, the consistency of recommendations with the label.

Mr. Nigh also argues that Calyxt cannot maintain a strict liability claim because it did not allege that Mr. Nigh was involved in an abnormally dangerous activity. Because this argument was raised for the first time in reply, Mr. Nigh waived the argument for purpose of summary judgment. *Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012). Accordingly,

**IT IS ORDERED** that Mr. Nigh's motion for summary judgment (Doc. 165) is **DENIED**. Under Paragraph 7(b) of the Scheduling Order (Doc. 70), "[n]o party or parties represented by the same counsel shall file more than one motion for summary judgment . . . unless by leave of the Court." Mr. Nigh has filed his one summary judgment motion. At present, the dispositive motions deadline is November 14, 2022. (Doc. 166.) Within seven days of the date of this order, Calxyt shall notify the Court in writing whether it intends to file a dispositive motion, or whether the Court can instead schedule this case for trial. If Calxyt is not yet in a position to know whether it will or will not move for summary judgment, it shall so state, in which case the Court will wait until the pre-scheduled November 4, 2022 status conference (Doc. 166) to revisit the issue.

Dated this 31st day of August, 2022.

_____
Douglas L. Rayes
United States District Judge