WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calyxt Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Morris Ag Air & Sons Incorporated, et al.,<br><br>　　　　　　Defendants. | No. CV-20-01221-PHX-DLR<br><br>**ORDER** |

At issue is Defendant Jonhenry Luke's motion, made with the consent of Plaintiff Calyxt Incorporated, for leave to file under seal his (1) motion for summary judgment, (2) motion to exclude the opinions of William W. Wilson, and (3) motion to exclude the opinions of Michael J. Giroux, as well as certain exhibits in support of those motions. (Doc. 211.)

The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100, 1101 (9th Cir. 1999). The Court therefore begins "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and file a judicial record under seal generally must provide a compelling reason for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Examples of compelling reasons "include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive

standing." *Id.* (internal quotations and citation omitted). A movant's reason for seeking to seal a judicial record must be supported by an articulable factual basis, rather than "hypothesis or conjecture." *Id.* at 1096-97 (internal quotations and citation omitted).

The Ninth Circuit has carved out an exception to this general rule "for sealed materials attached to a discovery motion unrelated to the merits of the case." *Id.* at 1097. A party seeking to seal such materials "need only satisfy the less exacting 'good cause' standard." *Id.* Although earlier decisions from the Ninth Circuit sometimes used the words "dispositive" and "non-dispositive" to describe the dividing line between those records governed by the compelling reasons standard and those governed by the good cause standard, the Ninth Circuit has since clarified that "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. Sometimes non-dispositive motions are unrelated or only tangentially related to the merits of a case; other times they "are strongly correlative to the merits of a case." *Id.* The exception to the ordinary compelling reasons standard applies only to judicial records that are unrelated or merely tangentially related to the merits of a case. Sealing a record that is more than tangentially related to the merits of a case requires a compelling justification.

Luke's motion for summary judgment is more than tangentially related to the merits of the case, so any request to seal that motion and/or its exhibits must be supported by compelling reasons. Although a closer call, the Court concludes that Luke's motions to exclude expert witness testimony are tangentially related to the merits of the case; although the witnesses' opinions are central to the merits, the motions to exclude those opinions relate to the witnesses' qualifications to opine as experts under Federal Rule of Civil Procedure 702. Luke therefore must show only good cause for sealing those motions and/or their exhibits.

Regardless of which standard applies, however, a party's designation of a document as confidential pursuant to a protective order is not, without more, a compelling reason or good cause for sealing that document once it is used to support a submission with the Court. *See San Jose Mercury News*, 187 F.3d at 1103 ("Such blanket orders are inherently subject

to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document."); *Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *2 (D. Ariz. Nov. 15, 2017) ("Ordinarily ... a party's designation of a document as confidential is not per se good cause."). Once a party decides to use a document to support a filing with the Court, the party asserting confidentiality must show either good cause or compelling reasons (depending on the nature of the filing) for sealing the record and cannot merely rely on the fact that the party subjectively believes the document is confidential and has chosen to designate it as such. What's more, the Court will not authorize the sealing of entire documents if only portions thereof contain information that should properly be sealed. Redactions, rather than wholesale sealing, are appropriate in such cases.

Luke's motion to seal is denied without prejudice for two independent reasons. First, Luke seeks leave to seal entire motions and exhibits without explaining why discrete redactions would be insufficient to protect the confidentiality interests at stake. Wherever possible, the Court's preference is for parties to publicly file versions of documents that discretely redact sensitive materials, while filing under seal unredacted versions for the Court's review. Luke has not shown that wholesale sealing of his motions is appropriate. Second, Luke's motion establishes neither compelling reasons nor good cause for sealing the motions and exhibits at issue. The motion describes the documents and notes that they were designated as confidential during discovery, but it does not make a "particularized showing of good cause [or compelling reasons] with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1103. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation and citation omitted). Thus, it is not enough for Luke to describe the documents and note that they were designated as confidential; he must, for each particular document, articulate a factual basis for believing public disclosure would impose harms that outweigh the public's presumptive access to judicial records. For these reasons,

1    **IT IS ORDERED** that Luke's motion to seal (Doc. 211) is **DENIED** without
2  prejudice to Luke filing a narrowly tailored and more factually substantiated motion.
3    Dated this 15th day of December, 2022.

_____
Douglas L. Rayes
United States District Judge